### McGRADY et al. v. BROWN.
6 Div. 639.

Supreme Court of Alabama.
April 11, 1935.

Rehearing Denied June 4, 1935.

476

John L. Johnson, of Birmingham, for appellants.

John T. Batten, of Birmingham, for appellee.

GARDNER, Justice.

The appeal involves the custody of two minor children, J. D., Jr., eleven years of age in May, 1934, and Rose Geralynn, six years of age in January, 1934, now at the home of respondents to this petition, their maternal grandparents, where they have been for several years past; the younger having been cared for by respondents since she was eight months old. Petitioner is their father, and in the divorce decree from his wife, obtained in January, 1930, was awarded the "general custody" of these children, with a stipulation for their remaining with these respondents if he so desired.

In August, 1931, the father presented an ex parte petition in the equity court for a decree permitting him to take the children from these respondents, which petition was granted, and decree so entered; but there is no pretense these grandparents who had the children were aware of this proceeding. The children remained with them as theretofore. A day or two before filing this petition in August, 1934, the father demanded the children of these respondents, and, upon being refused, instituted these proceedings. The trial was had on proof taken orally before the chancellor, and the custody of the children awarded to petitioner, the father.

We are persuaded, however, the consideration of the cause as to the proof was confined within too narrow a scope.

The respondents attacked the moral character of petitioner, a minister, who now resides in the state of Louisiana, and proof offered in support thereof.

From the recitals of the decree rendered, it appears the chancellor entertained the view that all matters as to petitioner's right to the custody of the children were concluded by the former decree in the divorce suit, except as to petitioner's character and fitness. Upon the hearing he therefore required respondents to confine their evidence to the one point of attack concerning petitioner's moral character. Illustrative is the effort of the respondents to have the children themselves testify and express their desire. The boy, as noted above, was over eleven years of age, and the girl lacked only a few months of being seven. Under the uniform decisions of this court, these children became wards of the court, and the question of their rightful custody is never res adjudicata. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580.

While the prima facie right to the custody of the children was in their father, yet this prima facie right is not absolute. The question of prime importance is the welfare of the child. "In awarding the custody of a minor child as between opposing claimants, the dominant consideration is always the welfare of the child. An important, but strictly subsidiary, consideration, is the highly regarded natural rights of a parent." Garrett v. Mahaley, 199 Ala. 606, 75 So. 10. And in Payne v. Payne, 218 Ala. 330, 118 So. 575, 576, it was said: "The parent may, however, forfeit his prima facie right to the custody of the child by his conduct, and the relinquishment of such custody to another and continued acquiescence therein are matters to be considered by the court in determining the question of prime importance—the welfare of the child."

Concerning the matter of examination of the children, this court in Neville v. Reed, 134 Ala. 317, 32 So. 659, 660, 92 Am. St. Rep. 35, observed that the court may very properly consult them, having sufficient judgment, as to their preference in the matter, and their reasons therefor, and that their "feelings, attachments, preferences and contentment, are, within proper limitations, proper subjects of inquiry." It was there further held, upon the matter of their examination, that "mental capacity, and not age, is the criterion as to whether the infant has sufficient judgment to choose for itself."

Respondents not only desired to offer these children as witnesses to testify and express their preference, but also other proof indicative of their surroundings and rearing. All of this character of proof was proper for consideration as well as the father's character, his contributions to the support of the children, and his interest in them.

■ As to offering the children as witnesses, mental capacity and not age was the test, and it is clear that in no event could the matter of age as to the boy present any impediment to his testifying in the cause.

■ But further discussion we deem unnecessary. A consideration of the cause upon the merits is not reached. All applicable authorities are cited above, and in numerous decisions therein noted. From a consideration of the legal principles therein announced, it is manifest the chancellor too narrowly confined the matters of inquiry, and that the decree was rendered on an insufficient consideration of material matters. Payne v. Payne, supra.

The decree must be reversed and the cause remanded for a reconsideration upon full proof as herein indicated.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.