296 So.2d 722

**Louise BYNUM**

v.

**William D. BYNUM.**

**Civ. 319.**

Court of Civil Appeals of Alabama.

April 24, 1974.

Rehearing Denied May 22, 1974.

Burns, Carr, Shumaker & Davis, Gadsden, for appellant.

Nash, NeSmith & Walker, Oneonta, for appellee.

BRADLEY, Judge.

The appeal is from a decree of the Circuit Court of Blount County awarding custody of a six year old male child to its father. Appellant-mother had petitioned the court to award her permanent custody of the child with reasonable visitation privileges in the father. Appellee-father answered the petition by denying that the best interests of the child would be served by permanent custody being awarded to the appellant-mother, and then filed a cross-petition asking that permanent custody be placed in him. The two petitions were heard on August 20 and 23, 1973, and on August 28, 1973 the trial court awarded permanent custody of the child to the appellee-father. An appeal has been taken to this court wherein appellant contends that the decree should be reversed for that it is unsupported by the evidence and that the trial court erred in placing in the record a statement of the substance of a private interview it had with the child.

The evidence shows that appellant and appellee were divorced by the Circuit Court of Blount County on January 2, 1969. This decree affirmed an agreement entered into by the parties here to have the custody of their only child rotated between them on a weekly basis. At the time of the original decree, both parties were residents of Oneonta, Alabama, but appellant now lives in Attalla, Alabama.

At the time the petitions were filed, the child was six years old and ready to start school. The mother had remarried and so had the father. Both have adequate homes for the care of the child. The many witnesses who testified to the custodial fitness of both parents stated that both were good people and worthy of caring for the child. There was no evidence of unfitness of either parent to have custody of their child.

At the end of the testimony on August 20, 1973, the court informed the lawyers that he intended to interview the child privately before the next hearing. There was no objection.

After both sides had rested on August 23, 1973, the court announced that he was going to talk to the child privately in chambers. There was no objection made to this announcement and he thereupon took the child into his office and talked to him. After the interview with the child, the trial court stated that there had been discussions with the child on two occasions and the substance of these conversations had been reduced to writing and had been sealed in an envelope. The contents of the writing would remain secret if there were no appeal, but should there be an appeal, the statement would be placed in the record. The attorney for the appellant objected to the statement being placed in the record.

The trial court then said that based on all of the evidence, including its interview with the child, it was awarding permanent custody to the father with certain enumerated visitation privileges accorded to the mother. The final decree entered in the cause states that the custody award is based on all the evidence heard by the court including the interview with the child.

As has been stated many times before by appellate courts, including this one, custody cases are the most difficult to decide, for the reason that you are trying to heal a broken family. Here there is no question about the fitness of these parties to be fit custodians, nor is there any question about their love for or interest in this young child. The only conflict is each one's desire to have the permanent care of their child.

In custody cases, the overriding consideration of the trial court and the appellate court is the welfare of the child. Statham v. Statham, 276 Ala. 675, 166 So. 2d 403. Here, both parties have been found to be fit parents but the evidence also shows that the youngster will, by living with his father, be in familiar surroundings, and in near proximity to both grandparents. The trial court obviously considered these conditions beneficial to the continued wellbeing of the child, and we can find no good reason to substitute our judgment for his, especially where he had the benefit of hearing and seeing the witnesses testify in open court.

Appellant contends that all things being equal, the mother is better fitted to care for a child of tender years. This view is the presumption of the law in Alabama. Bosarge v. Bosarge, 247 Ala. 677, 26 So.2d 73. However it is not a conclusive presumption. Statham v. Statham, *supra*. Each case must stand or fall on its own facts, with the ever present consideration of the best interests of the child. In cases of this type, it is only an abuse of the trial court's discretion that warrants interference by the appellate court, and the facts in this case do not persuade us that the trial court abused its discretion in awarding custody of the minor child to its father.

Appellant also contends that the trial court erred in inserting in the record after the appeal had been taken a written statement of the substance of the interviews between it and the child.

The record reflects that the trial court interviewed the child on two occasions without objection from the parties. Then, at the conclusion of the taking of testimony, the trial court announced in open court that it had reduced to writing the results of the private discussions with the child and had sealed it in an envelope. It further stated that this information would remain secret unless an appeal was taken from his decree; but should an appeal be taken, the statement would be inserted in the record. An appeal was taken and the written statement prepared by the judge

was inserted into the record. Appellant says this was error.

It is undenied that the court talked to the child privately without objection of the parties. This court said in Hagler v. Hagler, 50 Ala.App. 266, 278 So.2d 715 that the practice of trial courts interviewing minors *in camera* in custody cases is widespread and well-known and has a beneficent purpose, for it is believed that a fuller disclosure can be obtained in such examination than if the child is examined in open court with both parents confronting him. Here there was no expressed agreement for the child to be interviewed *in camera*, but neither was there objection to such a procedure. In the absence of objection to the court's expressed purpose of talking to the child in chambers, we consider that the parties in effect consented to the private interview by the court and that the court consider along with all the other evidence what was said by the child. See Stuart v. Stuart, 209 Cal.App.2d 478, 25 Cal.Rptr. 893.

 Moreover, the judgment of a trial court which is based on evidence heard by it but which is not included in the record on appeal cannot be disturbed by the appellate court where one of the grounds of appeal is the sufficiency of the evidence to support said judgment. Eaton v. Shene, 282 Ala. 429, 212 So.2d 596. Should the record of an interview with a child *in camera* not be put in the record, we would be bound by the above principle. In the instant case, however, the trial judge has attempted to supply this omission by inserting in the record a statement made by him of, apparently, the substance of his two conversations with the child in question. It is not a record of the questions and answers submitted by the judge to the child and taken down by the court reporter; it is merely a statement by the trial judge of what occurred during the interview. Consequently, the trial judge's statement not being a part of the record on appeal, we rely on the rule enunciated in

Eaton v. Shene, *supra*, to the effect that a judgment supported by evidence that is not in the record will be affirmed so far as the sufficiency of the evidence to support that judgment is concerned.

We would point out, however, that we believe the plain inference of Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274, to be that evidence given by a child *in camera* and properly placed in the record can be considered by the appellate court along with all the other evidence to decide if the trial court's judgment is sufficiently supported by the evidence.

No reversible error having been argued, the judgment in this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.