323 So.2d 377

**Louise Bynum TURNER**

v.

**William D. BYNUM.**

**Civ. 622.**

Court of Civil Appeals of Alabama.

Oct. 29, 1975.

Rehearing Denied Dec. 3, 1975.

Burns, Shumaker & Davis, and Otis J. Goodwyn, Gadsden, for appellant.

Nash, NeSmith & Walker, Oneonta, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment denying modification of child custody.

The parties were divorced by decree of January 2, 1969. By agreement custody of the minor son, Randy, was equally divided between the parties on an alternate week basis. The original decree was modified at the request of plaintiff here on February 23, 1971 and June 18, 1971. After hearing ore tenus on petition and cross-petition for permanent custody by plaintiff and defendant, the court on August 28, 1973, granted permanent custody of Randy to defendant with liberal visitation rights to plaintiff. Plaintiff appealed that judgment to this court. We affirmed on April 24, 1974. *Bynum v. Bynum*, 52 Ala.App. 633, 296 So.2d 722.

Plaintiff on October 21, 1974, filed the petition for modification which gave birth to the present appeal. The petition alleged change of circumstances since the decree of August 28, 1973. It averred that Randy had become unhappy living with his father and now desired to live with his mother. Testimony on the petition was again heard orally by the court and judgment denying modification entered November 22, 1974.

The substance of testimony submitted by plaintiff was that since the decree of August, 1973, Randy had reached the age of seven years; that she and her husband had

moved to a larger home; that the husband had a substantial increase in income; the home was near a good school in Etowah County; Randy had expressed unhappiness in living with his father and stepmother and requested plaintiff to file for his custody.

Randy was permitted to be examined and cross-examined by counsel in chambers but out of the presence of the parties. The import of his testimony was that he was "pretty" happy and did "pretty" good in. school, but he wanted to carry his lunch to school rather than buy it in the lunchroom; that his stepmother had "hollered" at him about changing his clothes and shoes and he thought she corrected him too much. There was some indication that Randy understood his mother to tell him that he didn't have to obey his stepmother, and that she would fix his lunch to carry to school. The child stated he preferred to live with his mother full-time rather than visit her alternate weekends and during school vacation.

There was much testimony relating to the fitness of the mother with opinions that the interest of the child would be better served by living with the mother. Neighbors, teachers, preachers and others reported their observations that Randy appeared happy and well-adjusted in the home of his father.

This court observed in the prior appeal that the fitness of either parent for custody was unquestioned. It therefore appears that the sole issue here is whether the expression of Randy that he would be happier living with his mother than with his father is sufficient change of circumstances to require the trial court to modify a prior decree of custody.

■ We cannot hold failure to modify under the state of the evidence to be error. Modification of a prior decree must be based upon allegata and probata showing a material change of circumstances occurring since that decree affecting the best interests of the child. *Stephens v. Stephens,* 47 Ala.App. 396, 255 So.2d 338. The judgment of the trial court after orally hearing the testimony is presumed correct and may be overturned on appeal only if determined to be clearly wrong and manifestly unjust. *Patterson v. Brooks,* 285 Ala. 349, 232 So. 2d 598. Preference of a child as to his custody is a factor to be considered but is not controlling upon the discretion of the court. *Stairs v. Stairs,* 283 Ala. 263, 215 So.2d 591.

■ This case is like many others where after divorce children are pulled between loving and good-intentioned parents. There never has seemed to be a good solution to the problem. It is not to the best interest of the child that it be continually involved in litigation and required to make a choice between its parents. Each parent here is fully capable of providing love and material necessities for the child. Randy needs to love and be loved by each parent. The parents must subjugate their own needs and desires to the welfare of Randy. A trial court must keep the interest of the child uppermost in mind and not be swayed by the importuning of either parent. Each case must be decided upon its own facts. In this case this court cannot hold that the learned trial judge abused his discretion by denying change of custody merely because Randy feels he would be happier living with his mother than with his father. A child of seven forms feelings of happiness and unhappiness daily. The cause stated by Randy to be the basis of his desire to live with his mother is as immature as his age. The court did not err in denying modification for such cause.

Affirmed.

BRADLEY and HOLMES, JJ., concur.