This is a divorce case.
The parties were married in 1965; separated in August, 1977; and divorced in September, 1977, on the grounds of the wife's adultery. Both parties sought custody of the three minor children.
The trial court, after a lengthy ore tenus hearing, awarded custody of the eldest child, a twelve year old female, to the wife. The other children, a daughter age nine and a son age 6, were awarded to the father. The wife appeals contending that the trial court erred to reversal in not awarding custody of all three children to her.
The pertinent facts, when viewed with the attendant presumption accorded the trial court, reveal the following: Both parties were employed during the marriage. The wife worked the evening shift until 1976. It was therefore the responsibility of the husband to care for the children when he returned home from work, feeding, bathing, and putting them to bed. There is evidence that he performed extensive domestic chores at home from the time the children were infants until the present.
Aside from having a major role in caring and raising the children, the record further indicates that the husband placed great emphasis on their spiritual well-being. There is evidence that the husband is a dedicated church member and that he took the family to church regularly.
In 1976, the wife was promoted to an office position at her place of employment. The record reveals that upon this occurrence, she began to undergo a dramatic change in her life style. She removed her wedding rings and refused to wear them. She ceased attending church with the family, choosing instead to ride her horses. She began to arrive home late at night during the work week with alcohol on her breath. She had an affair with a married man and admitted to having sexual intercourse with her paramour. She testified that she was "proud" of her conduct, that she was sorry if it destroyed her marriage but that she had an obligation to herself.
The record further reveals that the wife publicly conducted herself in keeping with her new life style on other occasions. The parties were members of the Northport Riding Club; however, the husband terminated his membership when the club began permitting alcoholic beverages on the premises. The wife continued her membership and the record reveals, enjoyed socializing with club members of the opposite sex. When the parties attended the club together, the husband was responsible for caring for the children while the wife amused herself.
With respect to the wife's conduct as that relates to the welfare of the children, there is evidence that she and her paramour openly exhibited affection for one another in the presence of the children. The eldest child was visibly upset as a result of this display. We would note, however, that the record is devoid of any facts which indicate that there occurred any sexual misconduct on these occasions.
There is further evidence that the wife lacks discipline in controlling her temperament toward the children. Testimony indicates that she is inclined to subject the children to excessive emotional punishment.
The record further indicates that of the three children, the eldest is a difficult child to control. The child apparently fosters a great deal of hostility toward her father and on occasion exhibits antagonism toward her younger brother and sister whom she is prone to "pick on." At trial, this child expressed a preference to live with her mother.
At the outset, we observe that in cases such as these, it is the duty of this court to affirm the decree in controversy, where the decree is supported by credible evidence. Wells v.Wells, Ala.Civ.App., 346 So.2d 442, cert. denied, Ex parteWells, Ala., 346 So.2d 444 (1977); Keele v. Keele, Ala.Civ.App., 347 So.2d 1360 (1977). *Page 1018 
The prevailing consideration in child custody matters is the best interest of the child. Stilwell v. Stilwell, Ala.Civ.App.,357 So.2d 355 (1978); Smith v. Smith, Ala.Civ.App.,334 So.2d 915 (1976). In determining that which is in the best interest of the child, courts may consider facts relating to the present and future welfare of the child, ties of affection resulting from years of association between the child and its parents, and facts which relate to the relative fault of the parties in terminating the marital relationship. Dale v. Dale, 54 Ala. App. 505, 310 So.2d 225 (1975).
The wife initially contends in essence that there is no factual basis to support the award of custody of the two youngest children to the husband. It is contended that the affair with her paramour and the two attendant adulterous incidents are insufficient to justify the grant of custody of these children to the husband.
While we agree that a mother will not be denied custody of her children for every act of indiscretion or immorality,Roberson v. Roberson, Ala.Civ.App., 370 So.2d 1008 (1979), in this instance the record reveals that there are other factors which directly affect the best interests and welfare of the children which justify the trial court's decree.
As we noted above, the husband figured prominently in caring for the children, both materially and spiritually, from their infant years to the present. The husband's dedication to his children, viewed as it must be in light of the wife's social attitudes and behavior, support the award. Thus, we cannot say that in this instance the trial court abused its discretion in determining the best interest of the children would be better subserved by granting custody to the father.
The wife next maintains that the trial court erred in separating custody of the children between the parties. The wife relies upon Pettis v. Pettis, Ala.Civ.App., 334 So.2d 913
(1976), as authority that children have a need to be together and their separation should be permitted only out of extreme necessity. Although this court generally disapproves of separation arrangements, we are of the opinion that the decree is justifiable in this instance.
In Pettis, supra, we held that a separation of children may be warranted in certain extreme circumstances. Without setting forth in detail facts in support of the decree, we are of the opinion that the decree amply sets forth the circumstances, which are supported by evidence, demonstrating a necessity for separation in this case.
The decree pertinently is as follows:
 7. The Court finds that the oldest child, Tammy Denise Gandy, who is 12 years old, is an exceptionally rebellious and difficult child to control. This was agreed to in testimony by both parties and other witnesses for both parties. She is obviously hostile to her father. When called as a witness in presentation of Plaintiff's case, she was almost wholly an untruthful witness. She denied many happenings which even her mother admitted. The Court did not feel that this child's untruthfulness or hostile attitude was wholly unprompted. Tammy expressed a preference to be placed in the custody of her mother.
In addition to the above, there was testimony that the paternal grandmother desired to assist in the "raising" of Tammy.
Given this child's hostile attitude toward her father and toward her brother and sister, and her stated preference to live with her mother, the ordered separation unquestionably promotes the best interest of the children. We are aware as well of the fact that this arrangement, in view of the child's age pragmatically recognizes the impracticability of judicially forcing a child to live with a parent whom she does not want to live with. Thus, we find no error with respect to this contention. We would further note that in this instance the father has not countered on appeal that the trial court committed error in awarding custody of Tammy to the mother. *Page 1019 
In addition to the above, the wife, through able and distinguished counsel who has favored this court with an excellent brief, contends that the trial court erred to reversal in refusing to allow the nine year old child to testify concerning her preference for custody. We do not agree.
The law of this state is well settled that the trial court, at its discretion, may consult a child with regard to its preference to live with either parent. McGrady v. Brown,230 Ala. 484, 161 So. 475 (1935). In cases where such testimony is allowed, it is not binding on the court. Rogers v. Rogers, Ala.Civ.App., 345 So.2d 1368 (1977).
In this instance, the trial court allowed the testimony of the eldest child's preference, but apparently it concluded that the testimony of the younger daughter was not required. It appears from the record that the court was concerned with the possibility that the wife had molded the testimony of a child of impressionable age. Additionally, we recognize the psychological implications to a child attendant in probing this sensitive issue. See, e.g., Turner v. Bynum, 56 Ala. App. 489,323 So.2d 377 (1975), cert. denied, 295 Ala. 426, 326 So.2d 120
(1976). Therefore, we cannot say that there was an abuse of discretion in this case. See McGrady, supra.
We are further of the opinion that in any event, any error in disallowing the testimony would be harmless. This is so because, as we noted above, such testimony is clearly not binding on the court. Rogers and Turner, supra. Furthermore, there is evidence to support the trial court's decree notwithstanding the exclusion of the proffered testimony. See
ARAP, Rule 45.
Finally, the wife argues that the trial court abused its discretion in failing to conduct the trial and permit the orderly presentation of evidence. Specifically, the wife contends that the trial court interfered with the examination of witnesses with its questions and by calling witnesses of its own. Suffice it to say that we have carefully reviewed the record regarding these allegations and find no abuse. While we do not necessarily condone some of the trial court's actions, or consider them necessary or desirable, we find no reversible error. This is so because considerable latitude of discretion is accorded the trial court in the conduct and regulation of its trial. Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277
(1960); State v. 2147 Pounds of Packing Stock Butter,29 Ala. App. 607, 199 So. 739 (1940).
In view of the foregoing the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.