This is a child custody case.
Delane Small and James Small were divorced on May 5, 1977. Custody of the parties' two minor sons was awarded to the mother. Further the mother was awarded exclusive use and possession of the marital home until such time as she should remarry. Upon her remarriage the home was to be sold and the proceeds were to be divided by the parties. The father was ordered to make the monthly mortgage payments.
In 1978 the father filed a petition to modify the custody provisions of the divorce decree. He asked that custody of the children be awarded to him because the mother had had men spending the night in her home and was thus unfit to continue to retain custody. The court refused to change custody of the children, but the mother was ordered not to allow men to spend the night in her house in the presence of the children. The order further stated that a change of custody would be considered if the court found that she was disobeying this order.
On August 13, 1980 the father brought another petition to modify alleging that a man had spent the night in the wife's home on several occasions while the children were present. The father also asked that the court order the homeplace to be sold and the proceeds divided.
The only evidence the father presented at trial was the testimony of a private investigator. This investigator reported that a man identified as Lamar Booker had spent the night at the mother's house on several occasions. The investigator stated that Booker's car remained in the driveway overnight, and that he had seen Booker leaving in the morning. On at least one occasion the investigator saw one of the children playing outside before Booker left.
The mother denied that Booker had spent the night in the house when the children were there since the rendition of the 1978 decree ordering her not to allow this. She admitted, however, that he had slept there since that decree was rendered when the children were not present. She further stated that Booker left his car on several occasions because of flat tires. She testified that he would then drive her car home and return the next day to get his car.
Booker also denied sleeping with the mother while the children were there. He stated that on several of the occasions referred to by the investigator the children were with their father. On at least one occasion he was not in town. His brother corroborated this testimony. *Page 285 
Both parties agreed to allow the trial judge to interview the children in camera. After this interview the trial judge modified custody of the children by awarding custody to the father. He denied the father's request to order the home sold.
Both parties filed motions for reconsideration. Both motions were denied on August 25, 1981. From this denial the mother appeals to this court and the father cross appeals.
Two issues are presented for review. The first issue is whether the evidence was sufficient to warrant a modification of custody. The second issue is whether the trial court erred in failing to order the homeplace sold and the proceeds divided. We find no error and affirm.
The party seeking modification of a child custody provision in a divorce decree has the burden of showing a material change in circumstances which will warrant modification. Jenkins v.Jenkins, 395 So.2d 1045 (Ala.Civ.App. 1981). The mother argues that the husband has not shown a material change of circumstances so as to warrant a change in custody.
The trial court, however, found that custody should be changed. The trial court after hearing evidence ore tenus is in the best position to ascertain whether there has been such a change in circumstances as to require custodial change, and the trial court will not be reversed absent a showing of palpable abuse of discretion. Taylor v. Taylor, 387 So.2d 849
(Ala.Civ.App. 1980).
In the present case the trial court had already ordered the mother not to have men sleeping in her home while the children were there. The trial court could certainly have concluded from the evidence that the mother had violated this order by allowing Booker to stay in her home in the presence of the children. Certainly the trial judge was in the best position to observe the witnesses and to determine from the testimony whether a change of custody was necessary.
The trial court's decision was also based on an in camera interview with the children not contained in the record. The parties in this case agreed to allow the children to be interviewed by the trial judge in camera. Since this in camera interview is not included in the record, we must presume that it supports the findings of the trial court. Bynum v. Bynum,52 Ala. App. 633, 296 So.2d 722, cert. denied, 292 Ala. 714,296 So.2d 725 (1974). As a result we must affirm the modification of custody.
The husband cross appeals contending that since he has been awarded custody of the children the marital home should be sold and the proceeds divided. The original decree provides that the home should be sold when the wife remarries. In this case the wife has not remarried. The husband, however, argues that this provision was intended to assure the children a place to live. He argues that since they no longer will be residing there the home should now be sold. We cannot agree.
It is well settled that after a lapse of thirty days from the date of a divorce decree a court cannot modify a property settlement. Russell v. Russell, 386 So.2d 758 (Ala.Civ.App. 1980). The decree in the present case is very clear that the house is to be sold upon the wife's remarriage. It in no way indicates that the house can be sold upon a change of custody of the children. Therefore the court did not err in denying the father's petition to sell the house.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 286