WRIGHT, Presiding Judge.
■ This is a child custody case involving a dispute between a parent and a non-parent. The cause arose under the following facts and circumstances:
Dolores Gilchrist petitioned for custody of her minor grandchildren, Charles, 10, Bobby, 7, and Mark, 4, on August 31, 1981. Custody at that time was in Mrs. Gilchrist’s son, Stacy Stinnett, the children’s natural father. He apparently was awarded custody of the children when he was divorced from their natural mother. The natural mother was not a party to this action, and the divorce decree is not of record. The action of the grandmother was precipitated by a letter to her from Charles, the oldest child. The letter related an incident in which Stinnett’s current wife, Stephanie, allegedly put Mark in a bath that was too hot and whipped him when he cried. Also, the letter contained a plea that the grandmother come to get the children.
Stinnett sought to quash service of the summons and complaint, and to change venue to Limestone County — the county of residence of both the father and the children. His motion was set for hearing October 14, 1981.
On October 7, 1981, Mrs. Gilchrist moved that the court grant her temporary custody of the children, alleging that the father might harm the children. This motion was granted the following day ex parte. The children were picked up in Limestone County on October 9, 1981, by the grandmother, with the aid of the Limestone County sheriff’s department. The father moved that the ex parte order be vacated and that a hearing be held in the matter October 14, the date set for his prior motions. No hearing was held on those issues.
*239 A hearing on the merits of the grandmother’s petition was held October 29,1981. Testimony was taken ore tenus and the trial court interviewed the children in camera off the record at the request of the grandmother and with the consent of the father. The trial court continued temporary custody of the children in the grandmother and ordered the Department of Pensions and Security (DPS) to investigate the homes of the grandmother, the natural father and the natural mother for a nine-month period. DPS would then report to the trial court. If the report was favorable to them, the court said that the natural father or mother might move for a custody hearing at that time. Other portions of the order set out visiting rights, ordered the natural father not to interfere with Mr. or Mrs. Gilchrist and specifically reserved jurisdiction of the case. The father’s motion for rehearing was denied. He appeals.
Appellant contends that the trial court erred (1) in awarding custody to a non-parent where evidence of unfitness of the natural father was not clear, compelling and satisfactory; (2) by conducting the in camera interview with the minor children off the record; and (3) by allowing hearsay statements of the children into evidence. Appellee contends that the trial court’s order is not a final order and cannot support this appeal.
We will first address the issue of finality of the judgment. Although custody was placed in the grandmother only temporarily, we find this order to be a final judgment sufficient to support an appeal. We recognize that the trial court ordered a nine-month investigation and a report thereafter. The court, however, set no definite time for a final hearing as to permanent custody. In fact, the order places the burden of moving on the natural parents if the result of the investigation is favorable to either of them. This action of the court tends to finalize the order until a change in circumstances occurs. An important issue such as termination of parental custody, though denominated as temporary, must be reviewable. Porter v. Porter, 46 Ala.App. 22, 237 So.2d 507 (1970).
We now turn to the issues concerning the sufficiency of the evidence and the propriety of the in camera interview with the children. We find that these issues are intertwined. We are of the opinion that the in camera interview in the instant case was not erroneous. It was requested by the grandmother and consented to by the father. The record is devoid of any objection to the interview. The father contends that he was not cognizant of the fact that it would not be of record. It is apparent from the record that the trial judge and the children retired from the courtroom into the bailiff’s office wherein the interview occurred. Following the interview, the trial judge conferred with counsel outside the hearing of the parties and told them that the interview revealed in the children “a strong preference, based on fear for their own well-being, to stay with their grandmother.” This, and other, information was revealed in the record by a statement of the trial court in summary of the in camera interview, and the conference with counsel for both parties. The in camera proceeding comported with due process as defined recently by our supreme court in Ex parte Berryhill, 410 So.2d 416 (Ala.1982).
The record does not contain the information gleaned by the trial court in the in camera interview, but only a synopsis of it. Since the trial court properly received that information, and it is not before us on appeal, we must presume that such evidence sustains the judgment of the trial court. See Bynum v. Bynum, 52 Ala.App. 633, 296 So.2d 722, cert. denied, 292 Ala. 714, 296 So.2d 725 (1974). We cannot disturb the trial court’s judgment on an insufficiency of the evidence theory. Bynum, supra.
Assuming arguendo that admission of hearsay evidence consisting of statements made by the children was error, we find it to be harmless error. Any error in this respect was cured by the in camera interview of the children by the trial court.
*240 We recognize that child custody cases, especially of this nature, are heartbreaking to every party. Despite the presumption in favor of parental custody and the heavy burden placed on a third party seeking that custody, see Massey v. Massey, 410 So.2d 422 (Ala.Civ.App.1981), cert. denied, 410 So.2d 426 (Ala.1982), this cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.