WRIGHT, Presiding Judge.
This is a child custody case.
The father, John Roger Wilson, Jr., and the mother, Kathryn Lynne Hyde Wilson were divorced on August 31, 1982. The divorce decree granted custody of the parties’ two minor children to the mother. The father appeals the custody provision.
The first issue raised on appeal is whether the trial court erred by conducting an in camera interview with the minor children of the parties, outside the presence of counsel and without making a record. The father requested the in camera interview, but specifically requested that a court reporter be present to record the interview. The mother objected to the interview, but does not appeal.
The in camera questioning of children in a child custody proceeding was addressed by the supreme court in Ex parte Berryhill, 410 So.2d 416 (Ala.1982). Based on the Bill of Rights and Rule 43, A.R.Civ.P., the court rules that such an examination, without the consent of the parties, was error. The court said:
“We are aware that the practice exists among certain trial courts to conduct private conversations with minors in chambers with the consent of opposing counsel. In the absence of waiver or consent, however, the private interview by the trial court cannot be condoned. To sanction such a procedure would fly squarely in the face of the constitutional right of litigants to a public trial.”
410 So.2d at 418.
In the present case, the father not only consented to the in camera interview; he requested it. The father does not claim on appeal that the court committed error in granting the interview; he claims error in the court’s failure (although inadvertent) to comply with his request that a court reporter be present.
A situation similar to the present one was addressed in Stinnett v. Gilchrist, 419 So.2d 238 (Ala.Civ.App.1982). There the father of minor children also claimed that the trial court had committed error in conducting an in camera interview off the record. Both parties to the proceeding consented to the interview. The father contended that he was not cognizant of the fact that it would not be of record. Information obtained from the interview was made part of the record by a statement of the trial court in summary of the interview. This court held that the proceeding “comported with due process as defined by our supreme court in Ex parte Berryhill.” 419 So.2d at 239.
*104 The present case is distinguished from Stinnett in that the father specifically requested that a record be made of the interview; no such request was made in Stinnett. Due process does not require that the proceedings be recorded, but the question remains of the effect of the trial court’s failure to honor the father’s request. The court should have had a reporter present (See § 12-17-275, Code of Alabama 1975), according to the request, but was the failure to do so reversible error?
We conclude not. As in Stinnett, the court in the present case made a statement summarizing the interview for the record. In that statement, the court made it clear that nothing had been said by the children in preference to either parent. We find ample evidence in the record to support the court’s finding without considering the in camera interview. Had there been a record made of the interview, it would not have been available to the parties prior to judgment. We perceive no benefit to appellant of an untranscribed record, except possibly for argument on appeal. The rights of confrontation, cross-examination and public trial, protected by Berryhill were waived. The failure of the trial court was therefore without injury to the father and does not require reversal under Rule 45, A.R.Civ.P. .
We do not approve of the grant of the in camera interview over the objection of the mother, but the mother does not appeal the court’s action.
The final issue is whether the court abused its discretion in granting custody of the minor children to the mother. The father claims the mother has a history of mental and emotional illness and that it is against the children’s best interest to grant her custody. He claims that she is not a fit and proper custodial parent.
The trial court has broad discretion in determining the custody of children after divorce, subject to the requirement that the award protect the best interests and welfare of the children. Rosser v. Rosser, 355 So.2d 717 (Ala.Civ.App.), cert. denied, 355 So.2d 722 (Ala.1978). The record indicates the mother has had some serious emotional difficulties. We consider relation of the details unnecessary. However, the record also indicates that the mother is of high intelligence and has been the primary custodial parent both before and after the parties’ separation. The children are also of high intelligence and apparently well adjusted. There is no substantial evidence that the mother has neglected her children.
In light of the evidence and the principles of law discussed above, we find no abuse of the trial court’s discretion. The judgment is affirmed.
Appellee’s request for attorney fees on appeal is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.