WRIGHT, Presiding Judge.
This is an appeal from an order changing custody of a child. Father appeals claiming there is insufficient evidence to support the trial court’s order. Although the hearing below was oral, there was not a reporter present. Counsel by agreement have each filed their own statement of the evidence. The statements in some areas conflict. There is no compliance with Rule 10(d), A.R.A.P. Therefore, there is no proper record of testimony before us.
There is further little effort to comply with the requirements of Rule 28, A.R.A.P., particularly Rule 28(a)(5). There was an in camera examination of the child of which there is no record.
In view of the absence of a record of the testimony and a certification of the testimony by the trial court, there is no evidence for our review. Without argument with citation of authorities and parts of the record relied on, there is no appellant’s brief to consider. In such situation, it must be presumed that there was evidence presented which supports the judgment of the trial court. Stinnett v. Gilchrist, 419 So.2d 238 (Ala.Civ.App.1982). When considered together with the presumption of correctness attending judgments after hearing evidence ore tenus, there is no alternative presented to affirming the judgment of the trial court. Dye v. Dye, 406 So.2d 420-(Ala.Civ.App.1981). It is therefore so ordered.
Appellee’s request for attorney’s fees on appeal is granted in the sum of $350.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.