**Catherine PEARSON, Appellant,**

v.

**Willis W. PEARSON, Respondent.**

**No. 40273.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 28, 1978.

London, Greenberg & Fleming, Burton M. Greenberg, St. Louis, for appellant.

James A. Greenblatt, Clayton, for respondent.

CLEMENS, Judge.

Plaintiff-wife has appealed the child-custody portion of a dissolution decree awarding defendant-father primary custody of the parties' two minor children aged nine and five.

Although plaintiff challenges the sufficiency of the evidence, a detailed recitation thereof is unnecessary. There was ample testimony concerning the parties' relative fitness as custodial parents. Various accusations were leveled by each party. Plaintiff's evidence was that defendant drank heavily, associated with other women and acted violently toward both his wife and children. Defendant denied this and submitted evidence that plaintiff was suicidal, placed her needs above those of the children, and was violent in conduct toward both the children and defendant.

 The children's welfare is the overriding consideration in cases involving custody. Section 452.375, RSMo. 1969; *In re Marriage of L*, 548 S.W.2d 262[3] (Mo.App. 1977). Plaintiff relies on certain "presumptions" which have arisen to assist the court in making a determination. One such presumption is that the mother makes the best custodial parent for a child of tender years. *J.A.F. v. P.J.F.*, 552 S.W.2d 739[3] (Mo.App. 1977). These presumptions however are not conclusive. *In re Marriage of Millsap*, 559 S.W.2d 69[6] (Mo.App.1977). They operate only to assist the court in making its determination and do not preclude consideration of other factors as to how the child's interests might best be served. Section 452.375, RSMo. 1969: *Millsap*, supra. If it appears the child's best interest would not be served by following the presumption, the court will consider other relevant factors.

 Supreme Court Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30[1] (Mo. banc 1976) limit our review. To justify reversal, we must find the trial court's decision has no substantial evidence to support it, goes against the weight of the evidence, erroneously declares or applies the law. *Murphy*, supra. Measuring the decree in the light of the record as a whole, we find none of these reversible factors to be present and conclude the trial court did not disregard the children's well-being.

As we held in *Moore v. Moore*, 429 S.W.2d 794[6] (Mo.App.1968): "In child custody cases the trial judge rarely enjoys the luxury of deciding between a good choice and a bad one. More often he must make a decision between two poor choices or, almost as difficult, between two satisfactory choices. His decision is often influenced by the character of the parties and by their witnesses—factors more apparent to him than to us. The rule of appellate deference to trial court decisions is unassailably sound." See also *Smith v. Smith*, 435 S.W.2d 684[1] (Mo. App.1968).

Decree affirmed.

REINHARD, P. J., and GUNN, J., concur.