Gloria WILLIAMS, Appellant,

v.

Donald COLE, Respondent.

No. 61442.

Supreme Court of Missouri,
En Banc.

Dec. 6, 1979.

Donald V. Fraser, Jr., St. Louis, for appellant.

Edward P. Burke, Clayton, for respondent.

BARDGETT, Chief Justice.

On application of Gloria Williams, hereinafter "mother", after opinion by the Court of Appeals, Eastern District, this Court transferred the appeal to examine the question of whether the failure of the trial court to make a record of the in camera interview with minor children in this child custody proceeding, as required by § 452.385, RSMo Supp.1975, was prejudicial error requiring the trial court's judgment, which denied the mother's motion to modify, be reversed and remanded for new trial. A division of the

court of appeals affirmed the trial court, Judge Gunn dissenting.

This Court has concluded that the requirement of § 452.385 that a record be made of in camera interviews of minor children in child custody proceedings is mandatory, and the failure to make such a record in the instant case requires that the trial court's judgment be reversed and the cause remanded for a new trial. Portions of the court of appeals opinion and dissent will be utilized without the use of quotation marks.

The parties were divorced in 1971 with the mother being awarded custody of the two minor children, R——, born April 19, 1966, and A——, born September 15, 1969. Donald Cole, hereinafter "father", was awarded temporary custody rights for weekends and one and one-half months during the summer. About three years later the mother filed a motion to modify the custody arrangements and the father filed cross motions and also requested that the mother be held in contempt for failure to allow the father his temporary custody rights on certain occasions. While these motions were pending the mother moved to California with the children and without notifying the trial court or her lawyer. Both parties subsequently remarried. The trial court reinstated a contempt order previously issued against the mother and sustained the father's motion for modification with respect to the custody of the children, awarding primary custody of the two children to the father. However, the unknown whereabouts of the mother and the children thwarted the father's efforts to exercise his custodial rights. Thereafter the mother filed another motion to modify seeking to regain the primary custody of the children. Evidentiary hearings were held on this latter motion on April 29 and 30, 1976, and January 31, 1977. On November 2, 1977, the court entered a judgment on the motion in favor of respondent Donald Cole, leaving the primary custody of the children with the father.

As noted, the decisive point on this appeal concerns the trial court's in camera interview during the evidentiary hearing of the two children who were then 10 and 7 years old. There was no record made of this interview, although it was attended by attorneys for both parties. With respect to the interview, the record contains the following:

"(Discussion off the record at the Bench.)

"(The following was at the Bench, out of the hearing of the parties:)

"MR. BURKE [father's attorney]: I would object to the children testifying, personally, due to their age, and also due to the emotional effect on the children in forcing them to come here and testify in open court and their emotional involvement in this thing, which is quite upsetting to them. I have no objection to the Judge interviewing the children in Chambers.

"MR. FRASER [mother's attorney]: If the lawyers were present in the Chambers. I would like to be present, and I would like the Court to interview them. I think it has a very deciding piece of evidence that both children would be able to talk to this Court.

"(Discussion off the record.)"

Section 452.385, RSMo Supp.1975, provides:

"The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case."

■ The mother's attorney admitted that he knew that a record was not being made but did not object. Subsequently, he filed an affidavit showing that the interview was of a general nature and that the court did not ask the children their preference of either parent as custodian. The trial court is vested with the discretion pursuant to

§ 452.385 to interview the child or children in chambers with counsel present and participating. *R.S.M. v. J.D.M.*, 542 S.W.2d 361, 362 (Mo.App.1976). But if the court exercises its discretion and interviews the children in chambers without causing a record to be made, error is presumed. *See Duncan v. Duncan*, 528 S.W.2d 806 (Mo.App.1975). *Accord In Interest of T. L. C.*, 553 S.W.2d 556 (Mo.App.1977).

■■■ The rationale underlying the rule is twofold. First, any consideration given by the trial court to the child's unrecorded testimony would be improper as not being supported by the record. Second, the failure to preserve the child's testimony precludes meaningful review with respect to what extent, if any, the trial court relied upon the child's testimony in determining whether a change of circumstances has occurred and if modification of a prior custody decree is necessary in order to serve the best interests of the child. Although the parties to a dissolution proceeding are authorized pursuant to § 452.325, RSMo Supp. 1975, to enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them and the custody, support, and visitation of their children, the agreement, with respect to the custody, support, and visitation of minor children is not binding on the trial court, nor can the parties preclude or limit the court with respect to the modification of the support, custody, or visitation provisions of the decree. As a result, orders pertaining to the custody of minor children become the special obligation of the judge who must act upon evidence adduced in the case. Such evidence must be recorded in order that a meaningful review of child custody orders can be had and in order that subsequent motions for modification can be decided by the court. The court can then use the prior record to determine the conditions as of the time of the initial order and whether there has been any change in those conditions.

■■■ Counsel for both parties agree that the trial court did not interview the children for the purpose of ascertaining their preferences with respect to custody. Because of this, the father argues that a record need not be made regarding the in camera interview and therefore no error occurred by the failure to record the interview. The father overlooks the fact that the trial court is not limited in the scope of its in camera interview to custodial preference but may inquire into any "relevant matters" within the children's knowledge. Those matters may bear upon the trial court's determination of custody. Absent a record, the appellate court cannot know what reliance, if any, the trial court placed on the interview in reaching its custodial decision. Meaningful review is therefore precluded.

■■■ As neither attorney objected to the trial court's in camera interview of the children without a record being made, the issue of waiver is raised concerning the statutory requirement that a record be made. However, the overriding consideration in a custody proceeding is the children's welfare, *Pearson v. Pearson*, 575 S.W.2d 934, 935 (Mo.App.1978), and § 452.385 pertains to a facet of the proceeding which may have an important effect on the children's welfare.

■■■ The Court believes it inappropriate to find a waiver of the statutory provision which requires a court to make a record of the interview simply from the attorney's failure to request that a record of the interview be made. The failure to make a record of the in camera interview precludes a total review of the evidence leading to the trial court's custody decision, which was the sole issue to be determined.

■■■ In *Duncan v. Duncan*, a similar case which also involved a situation where the trial court failed to make a record of the in camera interview with the minor children, the court, referring to § 452.385, stated at 809:

"... If the court elects to interview a child in chambers to ascertain his

wishes as to his custodian and relevant matters within his knowledge, the court must follow the mandate of the statute and permit counsel to be present and to participate, and cause a record to be made and to be made a part of the record of the case; if the court makes no such election, then the statute has no application."

The Court is in agreement with the holding of *Duncan v. Duncan, supra.* The requirement of § 452.385 that a record be made of in camera interviews of minor children is mandatory. The failure to make such a record constitutes prejudicial error.

Judgment is reversed and the cause is remanded for a new trial.

All concur.