Leonard C. Hayden, St. Louis, for appellants.

George A. Peach, Circuit Atty., Mark A. Brown, Asst. Circ. Atty., St. Louis, for respondent.

Jean Sabra Dennis ROLF, Appellant,

v.

Glynn Curtis DENNIS, Jr., Respondent.

No. 42788.

Missouri Court of Appeals, Eastern District, Division Three.

April 28, 1981.

Edward Lander, St. Louis, for appellant.

Robert Ebert and William Brown, St. Louis, for respondent.

REINHARD, Judge.

Wife appeals from a denial of her motion to modify a child custody award.

The parties were divorced in December 1976. In wife's petition for dissolution of the marriage, she requested that custody of their only child, a daughter, be awarded to husband. In the dissolution decree, the court awarded the custody of the child to husband with specific visitation rights for wife. Each of the parties subsequently remarried.

In 1978, wife filed her motion to modify the child custody award. She alleged that conditions had changed in that she had remarried, husband did not have actual custody of the child, and the child was being raised by husband's parents.

A hearing was held on wife's motion on January 23, 1980. At that time, the child was four and one-half years old. Subsequent to the hearing and prior to the court's ruling, the judge had the child brought to his chambers by husband's parents. No record was made of any discussion of the court with the child.

Wife contends that the trial court erred in interviewing the child without making a record. We agree. Section 452.-385, RSMo 1978, expressly provides:

> The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case.

The Missouri Supreme Court has stated that: "The requirement of Section 452.385 that a record be made of in chambers interviews of minor children is mandatory. The failure to make such a record constitutes prejudicial error." *Williams v. Cole*, 590 S.W.2d 908, 912 (Mo. banc 1979).

Husband contends that wife's petition and evidence failed to show any material change in circumstances which would have provided grounds for modifying the custody provisions. He argues that therefore any testimony by the child could not have affected the result, and that the trial court's action should not be held to constitute reversible error. We agree that remarriage of the non-custodial parent, alone, would not constitute a material change in circumstances sufficient to change custody. *Korn v. Korn*, 584 S.W.2d 179, 181 (Mo.App. 1979). However, wife's allegations and evidence regarding which persons actually had custody of the child and were raising her were sufficient, if believed, to authorize a change in custody. *See McPherson v. McPherson*, 447 S.W.2d 791, 794–95 (Mo. App.1969).

Husband further contends that, in any event, the child was too young to be a competent witness. He cites § 491.060, RSMo 1978, which states that: "The following persons shall be incompetent to testify .... (2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which he is examined, or of relating them truly ...."

Husband says that "the minor child ... was of such tender years that she was incompetent to indicate her wishes as to her custodian or other relevant matters within her knowledge." This is precisely where husband misses the mark, since, under the statute, a child under ten years of age is not rendered incompetent as a matter of law. Without a record of the interview of the child, we are unable to review what occurred. Thus, we cannot determine whether the child gave testimony that the court considered, and, if she gave testimony, whether she was competent to do so.

Following the mandate of § 452.385, RSMo 1978, and *Williams v. Cole*, 590 S.W.2d 908 (Mo. banc 1979), we must reverse.

The judgment is reversed and the cause remanded for a new trial.

CRIST, P. J., and SNYDER, J., concur.