This Court granted certiorari to determine whether the Court of Civil Appeals, 450 So.2d 102, correctly found that the trial court did not commit error by conducting an in camera, off the record interview of minor children in a custody dispute. We reverse and remand for further proceedings.
The children's father, John Roger Wilson, Jr., and mother, Lynn Hyde Wilson, were granted a divorce on August 31, 1982. The trial court awarded custody of the two minor children to Mrs. Wilson.
During the divorce proceedings, the trial court held an incamera interview with the children at Mr. Wilson's request.[1]
The court failed to comply with Mr. Wilson's specific request that a court reporter be present, but proceeded to conduct the interview off the record. The trial court subsequently made a statement summarizing that interview for the record, stating that the children had said nothing indicating a preference for either parent.
After the court granted custody of the children to the wife, Mr. Wilson appealed that ruling to the Court of Civil Appeals, alleging, among other things, that the trial court erred in conducting the in camera interview of the children off the record. Having consented to the interview, he did not claim that the trial court erred by holding it. Rather, he claimed error because the court failed to comply with his request that a court reporter be present. The Court of Civil Appeals stated that the trial court should have had a court reporter present during the interview, but concluded that the failure to do so was not reversible error:
 "Due process does not require that the proceedings be recorded. . . .
 ". . . We perceive no benefit to appellant of an untranscribed record, except possibly for argument on appeal. The rights of confrontation, cross-examination and public trial, protected by Berryhill were waived. The failure of the trial court was therefore without injury to the father and does not require reversal under Rule 45, A.R.Civ.P."
Petitioner, Mr. Wilson, contends that that statement conflicts with this Court's holding in Ex parte Berryhill,410 So.2d 416 (Ala. 1982), with constitutional due process requirements, and with Code of 1975, § 12-17-275. Accordingly, Wilson requests this Court to reverse the judgment of the Court of Civil Appeals and to order that court to reverse and remand this case to the trial court.
The issue before this Court is whether the Court of Civil Appeals erred in holding that the trial court did not err to reversal by conducting the in camera interview of the Wilsons' minor children without the presence of a court reporter, when Mr. *Page 106 
Wilson's consent to the interview was expressly conditioned upon the presence of a court reporter.
In Berryhill, this Court considered an analogous issue, whether a court may conduct an in camera interview of a minor child in a custody dispute without the consent of counsel. In that decision, we held:
 "We are aware that the practice exists among certain trial courts to conduct private conversations with minors in chambers with the consent of opposing counsel. In the absence of waiver or consent, however, the private interview by the trial court cannot be condoned. To sanction such a procedure would fly squarely in the face of the constitutional right of litigants to a public trial. Nothing in Alabama law allows `private' trials. That custom went out with the abolishment of the Star Chamber, and the right to a public trial was one of the rights wrested from the British Crown and included in our Bill of Rights which remains the fundamental law of our land. The fundamental principle is that the decision of a court must be based on evidence produced in open court lest the guaranty of due process be infringed." (Emphasis in original.) 410 So.2d at 418.
In the case at bar, Mr. Wilson undoubtedly waived his due process rights of confrontation and cross-examination by consenting to the in camera interview. The question here, however, is whether, under these facts, Mr. Wilson had a right, in order to avoid the impairment of the right to appellate review, to a complete record. We hold that the Court of Civil Appeals erred in holding that due process does not require that an in camera interview of minor children in a custody dispute be recorded when the consent for those proceedings was contingent upon the court reporter's presence at the interview. The Court of Civil Appeals relied upon Stinnett v. Gilchrist,419 So.2d 238 (Ala.Civ.App. 1982), in support of its holding that the trial court's summarized statement of the in camera
interview provided adequate information for the record. In that decision, however, the party's consent to the interview was not conditioned upon the court reporter's presence.
Some jurisdictions hold that it is not necessarily improper for a trial court to conduct a private interview off the record, even in the absence of consent or waiver, when the court either states for the record a summary of the child's testimony, or the court does not make that testimony the primary basis for the custody decision. See, e.g., Seniuta v.Seniuta, 31 Ill. App.3d 408, 334 N.E.2d 261 (1975); Jenkins v.Jenkins, 125 Cal.App.2d 109, 269 P.2d 908 (1954). However, the decisions from jurisdictions such as these are not persuasive in view of our decision in Berryhill that absent consent, waiver, or acquiescence, a private interview is not proper.
Missouri statutory law is similar to the rule expressed by this Court in Berryhill that counsel must be permitted to attend an in chambers interview with minor children. The Missouri Supreme Court, moreover, has held that error is presumed if a trial court interviews children in chambers without causing a record to be made. Williams v. Cole,590 S.W.2d 908 (Mo. 1979), accord, Duncan v. Duncan, 528 S.W.2d 806
(Mo.App. 1975). The Williams decision was based upon a Missouri statute which provides:
 "The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case." Mo.Rev.Stat. § 452.385 (1975).
The Missouri court articulated two reasons for the requirement of a record. First, the trial court's consideration of the child's unrecorded testimony would be improper as not being supported by the record. Second, the absence of a record would preclude "meaningful review with respect to what extent, if any, the trial court relied upon the child's testimony in determining *Page 107 
. . . the best interests of the child." 590 S.W.2d at 911.
The court in Williams also discussed the issue of waiver, because the attorneys for both parties were present and did not object to the court's interviewing the children off the record. The discussion on that issue is not relevant to the present case, however, because waiver is not in issue here.
The Missouri statute relied upon in Williams is more specific than our Alabama statute providing for records of court proceedings. The Alabama statute is Code of 1975, § 12-17-275:
 "The official court reporter shall attend in person . . . the session of court held in the circuit for which he is appointed, and in every case, where directed by the judge or requested by a party thereto, he shall take full stenographic notes of the oral testimony and proceedings. . . ." (Emphasis added.)
Under Missouri's statute, which deals particularly with incamera interviews of children, the court must cause a record to be made of the interview. Alabama's statute does not specifically provide for in camera interviews, nor is the court solely responsible for having a record made. However, it is clear under our statute that when a party requests the attendance of the court reporter he is entitled to a record of the proceedings.
The Missouri court's reasoning is persuasive. To reiterate, it would be improper to allow a court to consider evidence that is not in the record, unless a party has waived his right to have a record made. Additionally, if no record is made of the child's testimony in chambers, an appellate court would be unable to determine exactly to what extent, if any, the trial court considered that testimony. Accord, Walker v. Walker,40 Ohio App.2d 6, 317 N.E.2d 415 (1974) ("Without some record of the relevant testimony adduced at trial, appellant's right to appeal is, for all practical purposes, eliminated.").
Under Berryhill, a trial court cannot conduct a private incamera interview with minor children in a custody dispute without the consent of the parties, and under § 12-17-275, a party requesting a record is entitled to have the court reporter present. It follows that a party giving consent for a private in camera interview attended by a court reporter has the right to a record so made.
Thus, the trial court's failure to comply with Mr. Wilson's request to have the court reporter present during the interview constituted prejudicial error, and the Court of Civil Appeals erred in reaching a contrary result. Therefore, the judgment of the Court of Civil Appeals is reversed, and this case is remanded to that court for an order remanding this cause to the trial court for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.
[1] Mr. Wilson alleges in brief that he did not request the interview; however, he did not file a corrected statement of facts in compliance with Rule 39 (k), A.R.A.P. Therefore, this Court is bound by the facts stated in the opinion of the Court of Civil Appeals. One of those facts is that Mr. Wilson requested the interview, but that does not affect the determination of the issue before this Court.