In re the Marriage of Edward D. PLUNKETT, Appellant,

v.

Darlene PLUNKETT, n/k/a Darlene Aubuchon, Respondent.

No. 53847.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 30, 1988.

Ellen F. Watkins, Cynthia Ann Sobel, Clayton, for appellant.

David L. Mayhugh, Flat River, for respondent.

CARL R. GAERTNER, Judge.

This is a consolidated appeal from an order entered September 4, 1987, modifying an original Decree of Dissolution and from further orders, entered January 19, 1988, affecting custody, visitation, child support and attorney's fees. Dispositive of the appeals is the assignment of trial court error due to the court interviewing a child in chambers without the presence of counsel and without a record. We reverse and remand with directions.

Some procedural history is appropriate. Edward and Darlene Plunkett (father and

mother, respectively) obtained a Decree of Dissolution on November 6, 1985. The decree incorporated a separation agreement and property settlement, providing for the custody of their two sons, Matthew and Kyle. Matthew, age 10, was born to mother in a previous marriage and eventually adopted by father. Kyle, age 5, was born during the parties' marriage. The decree stipulated that both parties be awarded "joint legal custody" and "joint physical custody," as defined in the Decree of Dissolution. Accordingly, both parents were to share responsibility for all "major" decisions affecting the boys. Father was to have physical custody a majority of the time and mother was to have liberal visitation and temporary custody rights. The decree also provided that should circumstances change, the parties could modify their arrangements. This was to be done in the best interests of the children, while maintaining mutual cooperation, to "insure that the children shall have the proper love, affection, respect and association with both parents...." The events disclose that within a matter of months after the entry of this decree, there was a total failure of the parties to carry out these commendable concepts.

On May 19, 1986, mother filed a motion to modify the decree. Amidst various allegations aimed at father's capacity as a parent, and at his new wife, mother prayed the court to transfer primary "care, custody, and control" from father to herself. Father replied by filing a petition for temporary and permanent injunctions. On July 1, 1986 the causes were consolidated and brought before Judge James H. Kelly. Subsequently Judge Kelly disqualified himself and the cause was assigned to Judge Elrod. Almost two months later, father filed his motion to modify, listing numerous charges of his own. Depositions were taken and interrogatories exchanged. The consolidated motions were set for hearing on February 24, 1987. On that date Judge Elrod disqualified himself on father's motion. The case was subsequently assigned to Judge Charles A. Weber.

A hearing was finally held on August 11 and 12, 1987. For purposes of this appeal it is not necessary to detail the salvos of misconduct the parties and their respective witnesses hurled at each other over two days of hearings. Each party offered "expert" testimony regarding the children's psychological conditions. A psychiatrist, testifying on behalf of father, told the trial court that it would be "least stressful" for Matthew to be interviewed by the judge in chambers without counsel being present and without a court reporter to record the interview. Accordingly, over the objections of counsel for both parties, Judge Weber and Matthew "had discussions in private in chambers." The record discloses nothing further regarding this in camera interview.

On September 4, 1987 the court entered an order modifying the decree by transferring custody of the children to mother, awarding her $40 per week per child for support and denying all relief requested by father. He appealed and filed a supersedeas bond. Subsequently, each party filed a motion seeking to have the other held in contempt and other cross-motions. Further hearings were held on September 28, 1987 and December 17, 1987. On January 19, 1988 the court denied each contempt motion, denied father's motion to stay transfer of custody, denied mother's motion to set aside the supersedeas bond, and sustained mother's Motion for Child Support Pending Appeal and for attorney's fees. Father again appealed and the two appeals have been consolidated.

We are constrained to reverse and remand this matter for further proceedings. Because of the psychiatric testimony that the "least stressful" procedure for interviewing Matthew would be in private, without counsel and without a court reporter, Judge Weber attempted to exercise discretion in the best interest of the child. Without disparaging his good intentions and his sincere motivation, we must conclude he misconstrued the discretionary element of § 452.385 RSMo. 1986, which provides:

The court *may* interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court *shall* permit counsel to be present at the interview and to participate therein. The

court *shall* cause a record of the interview to be made and to be made part of the record in the case. (emphasis added)

▮ The underscored words limit the exercise of judicial discretion to the question of whether or not a child should be interviewed in chambers. Once the court determines the child should be interviewed, the presence and participation of counsel and the making of a record become obligatory. Cases construing the statute have consistently held that failure to comply with the mandatory provisions thereof requires reversal. "The lack of a record of the interview of the children alone requires us to reverse and remand the judgment as to visitation rights." *Geary v. Geary,* 697 S.W.2d 318, 320 (Mo.App.1985). Violation of the statutory requirements necessitates reversal because "[a]ny consideration given by the court to the children's unrecorded testimony would be improper because it would not be supported by the record." *Duncan v. Duncan,* 528 S.W.2d 806, 809 (Mo.App.1975). Moreover, the failure to preserve testimony elicited from a child precludes meaningful appellate review. *Id.* Failure to make a record of the in camera interview requires reversal even though not objected to at trial. *Williams v. Cole,* 590 S.W.2d 908, 911 (Mo.banc 1979).[1]

Since this matter must be remanded, we address the question of the conduct of future proceedings. This issue is presented to us by the assertion of trial court error in the denial of father's Motion To Disqualify Judge and his request for this court to order Judge Weber's disqualification on remand.

None of the cases mandating reversal because of violation of § 452.385 address the issue of the disqualification of the judge from presiding over future proceedings. However, we find guidance in the opinion of our Western District brethren in *Berry v. Berry,* 654 S.W.2d 155 (Mo.App. 1983). In this case a wife sought a post-hearing disqualification of a judge on the grounds that a child, custody of whom was at issue, was a member of a school class taught by the judge's wife, a fact unknown to the judge until the motion for disqualification was filed. Due to this lack of knowledge and because the record disclosed no more than a possible "opportunity for [the judge] to have received information outside the record which might have colored his view of the case," *Id.* at 158, the appellate court affirmed the denial of the motion to disqualify. The majority opinion referred to the non-discretionary duty of a judge to disqualify himself under the circumstances described in Missouri Supreme Court Rule 2 Canon 3C, which provides:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
   (a) he has ... personal knowledge of disputed evidentiary facts concerning the proceeding;

▮ In a concurring opinion, Judge David Dixon took particular note of the situation where a judge is not presiding over a jury trial, but is himself the finder of fact.

When a trial judge who is sitting as a fact finder obtains information dehors the record, he must disqualify himself. A judge in the role of a fact finder is no different than a member of the jury. We do not countenance members of the jury obtaining information concerning the issues outside of the trial process, and we should not do so with a judge. *Id.* at 161.

Neither the parties, their attorneys nor this court know what transpired during the in camera interview with Matthew. We do note that mother's attorney, when it became apparent that counsel were to be excluded from the interview, specifically requested that the judge inquire about Matthew's knowledge of an incident that

---

**1.** Although not asserted on appeal we note that due process of law, as guaranteed by Article I Section 10 of the Missouri Constitution, includes the right of a party to be represented in court by retained counsel in civil as well as in criminal cases. *Magerstadt v. La Forge,* 303 S.W.2d 130, 133 (Mo.1957). This fundamental right exists at all stages of the litigation. *Jensen v. Wallace,* 671 S.W.2d 331, 333 (Mo.App.1984). Thus, the refusal to permit counsel to participate in the in camera interview of Matthew constitutes not only a violation of section 452.-385 but also a denial of the constitutionally guaranteed right of due process of law.

the parties hotly disputed. Whatever information Judge Weber acquired was totally untested by cross-examination and entirely shielded from any possible refutation. The extent to which Judge Weber may have been influenced by what he learned from Matthew cannot be determined. However, the mere appearance that his decision may have been predicated upon undisclosed, unrecorded and untested information is sufficient to mandate reversal of his orders and disqualification of his presiding as fact finder and adjudicator as a result of the acquisition of such information. It is noteworthy that a judge's personal knowledge of disputed evidentiary facts, which requires recusal under Rule 2 Canon 3C(1)(a), is not one of the bases for disqualification which may be remitted upon full disclosure and with the written consent of all parties pursuant to Rule 2, Canon 3D.

Accordingly, Judge Weber's orders of September 4, 1987 and January 19, 1988 (corrected nunc pro tunc January 22, 1988) are hereby vacated and for naught held. The cause is remanded to the circuit court for further proceedings after the assignment of another judge pursuant to Rule 51.07.

SATZ and GRIMM, JJ., concur.