APPENDIX

LEGEND:

○ FOUND AXLE
● FOUND IRON PIN
▪ STONE MARKER
+—+ EXISTING FENCES
+ POINT NOT SET

Harriet W. CASSINGER,
Petitioner–Respondent,

v.

Arthur Eugene CASSINGER,
Respondent–Appellant.

No. 17063.

Missouri Court of Appeals,
Southern District,
Division Two.

May 2, 1991.

Bobby D. Peterson, Neelyville, for respondent-appellant.

J. Michael Mowrer, John Hall Dalton, Jr., Dalton, Treasure and Mowrer, Kennett, for petitioner-respondent.

SHRUM, Judge.

In this domestic relations case, custody of two children was vigorously contested by the husband and the wife. The husband Arthur Eugene Cassinger appeals from the portion of the legal separation decree by which the trial court awarded primary custody of the children to the wife Harriet W. Cassinger.

One of the two issues presented for our determination is whether the trial court committed reversible error when, in chambers and in the presence of both lawyers, it conducted an unrecorded interview with a child who was not the subject of the custody controversy. Because we have determined that the failure to make a record of that interview was prejudicial error, we reverse and remand for a new trial on the issue of the custody of the parties' two minor children.[1]

## WIFE'S MOTION TO DISMISS

■ Before analyzing the principal issues, we address the wife's request that we dismiss the husband's appeal. In her motion to dismiss, the wife correctly points out that this appeal is from the trial court's custody determination made in its decree of legal separation entered May 24, 1990. The husband's appeal from that order was timely filed. On September 24, 1990, the trial court converted the separation decree

---

1. In his other point on appeal, the husband asserts that the award of custody of the children to the wife was against the weight of the evidence and was not supported by substantial evidence and that the trial court erroneously declared and applied the law in making its order. Because we reverse the trial court's custody determination on other grounds, it is unnecessary to examine this point on appeal.

to a decree of dissolution of marriage. Because the husband did not appeal from the dissolution decree, the wife urges dismissal of this appeal.

We find no merit in the wife's motion to dismiss. Section 452.360.1, RSMo 1986, is clear: "A decree of ... legal separation is final when entered, subject to the right of appeal." We note that the child custody and child support orders were not changed when the trial court exercised its discretion to convert the legal separation decree to a decree of dissolution. The husband's appeal was timely filed and was taken from a final, appealable order. We deny the wife's motion to dismiss.

### FACTS

The husband and the wife were married in October 1981 and separated in December 1989. Two children were born of the marriage, a girl born November 12, 1986, and a boy born April 26, 1989. Richard, the husband's 12–year–old son by a prior marriage, was a member of the household.

At trial, the parties offered substantial evidence in support of their respective requests for custody of the children. Evidence directly related to the husband's son, Richard, is summarized as follows. In the fall of 1989, the wife admitted herself to the stress center of Lucy Lee hospital for 17 days. That hospitalization was triggered by what the wife described as a singular incident of inappropriate discipline by her of Richard. She denied that she caused any physical harm to Richard during the incident. The wife admitted that when the couple separated she took her stepson Richard without her husband's permission and kept the child overnight. Her explanation was that she loved Richard and wanted to tell him why she and his father were separating.

There was conflicting evidence about which of the parents had shouldered pri-

mary responsibility for the day-to-day care and nurturing of the children, as well as the quality of care, attention, and guidance offered by each parent to the children. At the conclusion of the husband's testimony, the trial court said:

> I always am concerned about whether or not there'll be allegations about one party or the other being unfit. I'd point out to you at this point that, because of the nature of the testimony of Mr. Cassinger and Mrs. Cassinger ... either one of the parties is capable and fit to have the children in their homes. I point that out to you just to let you know that, at least at this point, there's no question in my mind about the ability of either party to care for the children.

After several other persons testified, the husband offered to call Richard as a witness. The trial court recessed the proceedings and said, "Will the attorneys please meet me with Richard in the jury room?" No record was made of the jury room conference involving Richard and the attorneys, and no additional evidence was offered. From the record, it appears neither party objected to the off-the-record conference with Richard. The decree of separation awarding custody of the children to the wife was entered by the trial judge one week after the case was heard.

### ANALYSIS AND DECISION

■ In the dispositive point on appeal, the husband asserts that it was mandatory for the court to make a record of the in camera interview with Richard, and that the court's failure to do so constitutes reversible error. In support of this assertion, the husband cites § 452.385 RSMo 1986[2] and certain cases[3] which interpret that law. We believe § 452.385 does not mandate reversal in this case because the child interviewed, Richard, was not the subject of this custody proceeding. The legislature clearly limited application of

---

**2.** Section 452.385, provides: "The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case."

§ 452.385 to interviews of children who are the subject of the custody proceeding; hence, the requirements of § 452.385 do not apply to the unrecorded in camera interview of Richard.

■ Despite the inapplicability of § 452.385, we believe that the policy underlying the statute requires reversal. In custody matters, the legislature has given the courts an overriding mandate in § 452.375.2: "The court shall determine custody in accordance with the best interests of the child." In *Williams*, our supreme court paraphrased this mandate by describing "the children's welfare" as "the overriding consideration in a custody proceeding." 590 S.W.2d at 911.

With this "overriding consideration" in mind, the *Williams* court held that the failure of the trial court to make a record of the in camera interview of the minor children who were the subject of the custody proceedings, as required by § 452.385, constituted reversible error. The court described the rationale behind requiring a record as "twofold":

> "First, any consideration given by the trial court to the child's unrecorded testimony would be improper as not being supported by the record. Second, the failure to preserve the child's testimony precludes meaningful review with respect to what extent, if any, the trial court relied upon the child's testimony in determining [custody]."

590 S.W.2d at 911.

*Williams* involved unrecorded interviews of children who were the subject of the custody proceedings and, therefore, § 452.385 was directly applicable. Factual differences notwithstanding, we believe the underlying policy of protecting the best interests of the child and the twofold rationale of § 452.385, as explained in *Williams*, require reversal of the custody order before us. Just as a trial court might fashion a child's custody order based on information obtained from that child in an in chambers interview, so also the court might be influenced in crafting its custody order by information obtained from an in chambers interview with a person not the subject of the custody proceedings.

We do not know what consideration, if any, the trial court gave Richard's unrecorded statements. Perhaps the trial court held fast to its earlier announced belief that either party was "capable and fit" to be the children's custodian but, for reasons unrelated to the conversation with Richard, concluded that joint custody would not be advisable. Or perhaps the content of the interview with Richard influenced the court to award sole custody to the wife. The fact that we must speculate illustrates the need for a record.

■ Despite the lack of direct applicability to our case of § 452.385, the teaching of *Williams* is clear. Orders pertaining to the custody of minor children must be based on evidence of record. Absent a record, we do not know what reliance, if any, the trial court placed on the interview of Richard in reaching its custodial decision, and any consideration given Richard's testimony by the trial court would not be supported by the record. As a result, we are precluded from conducting a meaningful review to determine if the trial court's custody order was in the best interests of the children.

■ The wife, relying principally on *Benjamin v. Benjamin*, 370 S.W.2d 639 (Mo.App.1963), argues the husband's failure to object to the unrecorded interview of

---

**3.** The husband cites *Williams v. Cole*, 590 S.W.2d 908 (Mo. banc 1979); *Plunkett v. Plunkett*, 757 S.W.2d 286, 289 (Mo.App.1988); and *Duncan v. Duncan*, 528 S.W.2d 806, 809 (Mo. App.1975). All involve off-the-record interviews with children who were the subject of the custody proceedings. In *Williams*, counsel were present; in *Plunkett* and *Duncan*, counsel were excluded.

the child constitutes a waiver.[4] The court in *Williams* faced the issue of whether the failure to object to the unrecorded in camera interview constituted a waiver of the requirements of § 452.385. The court held a waiver of the statutory provision to be "inappropriate." 590 S.W.2d at 911. We, likewise, believe it inappropriate to permit a waiver of any requirement, statutory or not, that a record be made of an interview that might affect the best interests of a child who is the subject of custody proceedings.[5]

The judgment is reversed and the cause is remanded for a new trial on the issue of the custody of the parties' minor children.

FLANIGAN, C.J., and PARRISH, P.J., concur.

---

**4.** *Lipsey v. Lipsey,* 464 S.W.2d 529 (Mo.App. 1971), is another opinion that lends support to a waiver argument. We note both *Benjamin* and *Lipsey* predate *Williams* and the effective date of § 452.385.

**5.** The record reveals that each litigant was well represented and our comments do not imply criticism of either counsel. We believe this case serves to illustrate the practical difficulties

which often arise in using electronic, magnetic, or mechanical sound recording devices to preserve a record (*see* § 478.072, RSMo 1986), especially when in chambers proceedings must be recorded. We caution, however, that the frequent practical difficulties encountered in using a recording device can never be an excuse for failure to preserve a record.