### In re the MARRIAGE OF Robert Dale DONLEY and Kitty Darlene Donley,

**Robert Dale DONLEY, Petitioner– Appellant,**

v.

**Kitty Darlene DONLEY, Respondent– Respondent.**

No. 17479.

Missouri Court of Appeals, Southern District. Division Two.

Nov. 19, 1991.

Donald Rhodes, Bloomfield, for petitioner-appellant.

John W. Nichols, Charleston, for respondent.

FLANIGAN, Chief Judge.

On February 8, 1990, petitioner-appellant Robert Donley filed a motion to modify the portion of a decree of dissolution of marriage entered on March 24, 1987, which awarded custody of Nicholas Donley, who was born April 20, 1983, to his mother Kitty Donley, respondent here. The mother filed a counter-motion.

On March 13, 1991, a hearing was held on both motions, and a judgment was en-

tered adverse to appellant. Near the end of that proceeding, the trial court interviewed the child in the presence of counsel for both sides. The interview lasted 13 minutes. No record was made of the interview.

■ Appellant contends that the trial court committed prejudicial error in failing to cause a record of the interview to be made and to be made part of the record in the case.

Section 452.385 [1] reads:

The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case.

"The requirement of § 452.385 that a record be made of in camera interviews of minor children is mandatory. The failure to make such a record constitutes prejudicial error." *Williams v. Cole,* 590 S.W.2d 908, 912[7] (Mo. banc 1979). To similar effect see *Adams v. Adams,* 812 S.W.2d 951, 958[6] (Mo.App.1991); *Plunkett v. Plunkett,* 757 S.W.2d 286, 288[2] (Mo.App.1988); *Duncan v. Duncan,* 528 S.W.2d 806, 809[2] (Mo.App.1975).

In *Plunkett* the court held that, on remand, the judge who conducted the unrecorded interview was required to disqualify himself because of the provision of Rule 2, Canon 3C, that a judge disqualify himself where he has personal knowledge of disputed evidentiary facts concerning the proceeding.

■ In *Plunkett,* neither the parties nor their attorneys were present during the unrecorded interview. Here counsel for both sides were present. The presence of counsel, however, does not eliminate the fact that by reason of the unrecorded interview Judge Copeland obtained personal knowledge of disputed evidentiary facts

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

concerning the proceeding. It follows that he should disqualify himself.

The judgment is reversed and the cause remanded with instructions to the trial court to disqualify himself and to comply with Rule 51.07 with respect to the obtaining of another judge. It is so ordered.

SHRUM, P.J., and MAUS, J., concur.