**Gina M. DISTLER, Appellant,**

v.

**Philip J. DISTLER, Respondent.**

**No. WD 48513.**

Missouri Court of Appeals,
Western District.

May 31, 1994.

Daniel J. Dodson, Sonya D. Edwards, Jefferson City, for appellant.

Michael P. Riley, Douglas W. Hennon, Carson & Coil, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

LOWENSTEIN, Presiding Judge.

Gina Distler (Gina) appeals the trial court's decision in its dissolution decree regarding the custody of the Distlers' three year old son (Son) and two year old daughter (Daughter). The court adopted the Distlers' custody agreement, where physical custody of their son, born in October, 1989, was awarded to the father (Philip), and their daughter, born in December, 1990, was awarded to the mother (Gina).

The petition for dissolution was filed in January, 1992, and the marriage was dissolved in June, 1993. Prior to the dissolution, Gina filed for custody pendente lite, subject to reasonable visitation by Philip. Philip, in turn, filed for temporary custody, child support and attorney's fees. After hearings in February and April, 1992 on the pendente lite motions, the court awarded Gina custody of Daughter, and Philip custody of Son. Each child was to have reasonable visitation with the non-custodial parent.

Just prior to the dissolution hearing and final custody award, the parties reached an oral separation agreement. They agreed the children would remain as they were, with visitation with the non-custodial parent. The agreement was to be reduced to writing and presented to the court. On January 8, 1993, after a very brief hearing, the court granted the dissolution but refrained from making a custody determination until the written separation agreement was presented.

The dissolution decree was in accord with the agreement entered into by Gina and Philip. It awarded joint legal custody with primary physical custody of Son with Philip, and Daughter with Gina. Gina's subsequent motion to set aside the decree was denied.

██ The Distlers were entitled to enter into a written separation agreement pursuant to § 452.325, RSMo 1986. Section 452.325.1 provides that parties may enter into a written agreement:

"containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children."

Provisions regarding the custody, support and visitation of minor children are not binding on the trial court, and cannot act to preclude or limit the court's authority regarding those provisions in the dissolution decree. *Williams v. Cole*, 590 S.W.2d 908, 911 (Mo. banc 1979). Agreements between parents regarding minor children are only advisory. *In re Marriage of Wofford*, 589 S.W.2d 323, 328 (Mo.App.1979). As this court has noted:

"Custody of infants cannot be bartered and traded as goods in the market place, so as to foreclose a judicial determination as to the present welfare and the best interest of the child." *Turpin v. Turpin*, 570 S.W.2d 831, 833 (Mo.App.1978), quoting *In the Matter of W.K.M.*, 537 S.W.2d 183, 185–86 (Mo.App.1976).

Furthermore, such agreements do not bind the court, because the court is ordered to make a determination of the child's best interest by looking at all relevant factors, including the eight enumerated factors in § 452.375. Section 425.375 RSMo Cum. Supp.1993; *Turpin*, 570 S.W.2d at 833–834. Orders "pertaining to the custody of minor children become the special obligation of the judge who must act upon evidence adduced in the case." *Riley v. Riley*, 643 S.W.2d 298, 300 (Mo.App.1982). Agreement between, or stipulation by the parties does not relieve the court of this responsibility. *Id.* The parent's agreement represents only one of the factors the court is to consider in awarding custody. Section 452.375 RSMo Cum.Supp. 1993; *Turpin*, 570 S.W.2d at 833.

██ In this matter, the evidence adduced at the dissolution hearing was scant. The entire transcript was 10 pages in length and dealt primarily with property distribution, fees, allocation of debts, and support. Gina's testimony constituted the entire record. The record, as it pertains to the children, consists of Gina's statements regarding their oral separation agreement:

Q: —the agreement is—I'll go through this with you.

The marriage should be dissolved; that the children that you have, that you and your husband have joint legal custody of both children; that you have physical custody of [D], the daughter?

A. Yeah.

Q: And in turn, Philip have physical custody of the son, [S]; is that correct?

A: Yeah.

\* \* \* \* \* \*

Q: Also in connection with the terms and conditions as agreed to, you will agree, you and Phil have agreed, that each of you will have visitation of the other child that's not in your physical custody; and specifically during the summertime, you will have [S] for four weeks and then he will also have [D] for a four-week period during the summertime?

A. Yeah.

Q: You will also agree to alternate holidays?

A: Yeah.

Q: And you will agree to work—agree to cooperate with each—each of you will agree to cooperate with respect to the other concerning visitation when one of you needs—

There was no evidence as to what would be in the best interests of the children. While there was some inquiry regarding the children's best interest at the pendente lite hearings, those were held in February and April, 1992; there was no showing in June, 1993 that the conditions were the same, or that the court considered the evidence presented at those hearings. The dissolution transcript ended with: "Decree of Dissolution ordered. The custody matter of the children will be set out further in accordance with the decree of the parties that is going to be reduced to writing." There is insufficient evidence in the record that a determination was made by the court of the children's best interests.

While this court notes the importance of litigants entering into agreements with one another, and then sticking with those agreements, issues of child custody, support and visitation matters are different from other types of suits. Special care must be made on the record regarding children and determining the children's best interests. *Williams,* 590 S.W.2d at 911.

This court does not reach the decision regarding the propriety of the separation of the children in different homes since the entire issue of custody is remanded for findings as to the best interest of the children.

All concur.