**Stana Michele Lowry ALLEN, Appellant,**

v.

**Brian Kevin LOWRY, Respondent.**

No. 65234.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 6, 1994.

Anthony L. Anderson, Clayton, for appellant.

Gregory Kent Allsberry, Clayton, for respondent.

## GARY M. GAERTNER, Judge.

Appellant, Stana Michele Lowry Allen ("wife"), appeals from an Order of the Circuit Court of the City of St. Louis granting respondent's, Brian Kevin Lowry's ("husband"), motion to modify an order of dissolution and granting husband custody of the parties' three minor children. We reverse and remand.

The marriage of the parties was dissolved pursuant to an order of default entered on May 15, 1991. Wife received custody of the three minor daughters, and reasonable visitation was allowed for husband. Husband was ordered to pay $240.00 per week in child support, plus $10.00 a week in maintenance.

Husband filed a motion to modify on April 6, 1992, requesting a specific schedule for visitation with temporary custody, and a reduction in child support. A cross-motion was filed by wife on June 17, 1992, seeking an increase in the maintenance payments plus an award of attorney's fees. In an amended motion filed December 3, 1992, husband sought to eliminate the maintenance payment of $10.00 per week and a transfer of primary custody of the children from wife to him.

A pretrial conference was held on December 29, 1992, at which time both parties agreed there would be no evidence offered as to abuse or neglect of the children. It was further agreed that as a consequence, no guardian ad litem would be appointed for the children.

A hearing on the motions was held on January 13, 1993. At the close of the hearing, the court indicated its desire to interview the two older children. After off-the-record discussions with their respective clients, the attorneys informed the court that although husband and wife wished the attorneys to be present during the questioning, neither party wished a record to be made of the interviews with the minors. The court acquiesced.

Findings of Fact, Conclusions and Modification Order was issued by the court on October 21, 1993. In said order, the court transferred primary custody of the three children from wife to husband. In addition, wife was ordered to pay husband $17.00 per week per child for child support, plus $10.00 per week for 40 weeks in maintenance. Finally, the court established a specific schedule for custody and visitation.

Wife now appeals, raising three claims of error.[1] First, she argues the transfer of custody was improper due to the court's error in failing to make a record of the court's interview with the children in chambers. Next, she contends appointment of a guardian ad litem was necessary because evidence of abuse or neglect existed or could be inferred. Finally, she suggests a child custody study was necessary.[2] We find the first point dispositive.

RSMo § 452.385 (1986) states:

**Child's wishes as to custodian, how determined**

The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within

---

1. Husband has failed to file a brief on appeal.

2. We find no support in the record for wife's second and third points on appeal. In the inter-est of judicial economy, we refuse to address them.

his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court **shall** cause a record of the interview to be made and to be made part of the record in the case.

(emphasis added).

Relying on RSMo § 452.385, the Missouri Supreme Court has found the court's failure to make a recording of an in camera interview with minor children to constitute prejudicial error requiring reversal and remand. *Williams v. Cole*, 590 S.W.2d 908, 912 (Mo. banc 1979). In addition, more recent decisions from the Court of Appeals have required the trial judge, on remand, to disqualify himself or herself. *In re Marriage of Donley*, 819 S.W.2d 98, 99–100 (Mo.App.S.D. 1991); *Plunkett v. Plunkett*, 757 S.W.2d 286, 288–289 (Mo.App.E.D.1988). The concern is that, despite the presence of parties' counsel during the interviews, the trial judge conducting the interviews has "obtained personal knowledge of disputed evidentiary facts concerning the proceeding." *In re Marriage of Donley*, 819 S.W.2d at 99–100.

We note the parties herein agreed that no record was to be made of the interviews with the minor children. However, it has been stated "the word 'shall' [as used in RSMo § 452.385] in its legal connotation is accepted as a mandate calling for compliance." *State ex rel. Scott v. Kirkpatrick*, 484 S.W.2d 161, 164 (Mo. banc 1972). We find the parties' voluntary waiver of the recording ineffective in diminishing the mandate of the statute.

As such, the decision of the trial court is reversed. The cause is remanded for a new hearing on all matters upon the assignment of a new judge pursuant to Rule 51.07.

REINHARD, P.J., and CRAHAN, J., concur.