**Cindy Favro VOLLET, Respondent,**

v.

**Kevin Joseph VOLLET, Appellant.**

**No. WD 65682.**

Missouri Court of Appeals,
Western District.

Oct. 3, 2006.

James W. Gallaher, IV, Esq., for appellant.

Cindy Favro Vollet, pro se.

Before HOLLIGER, P.J., LOWENSTEIN and ULRICH, JJ.

HAROLD L. LOWENSTEIN, Judge.

The issue in this case is whether one party to the dissolution may contest the trial court's practice of refusing to incorporate into the custody portion of the decree of dissolution a non-cohabitation, overnight guest restriction to which both parties have agreed.

FACTUAL AND PROCEDURAL HISTORY

The record here reveals the following. Cindy Vollet ("Wife") filed a petition for dissolution of her marriage to Kevin Vollet ("Husband"). The parties agreed on the division of their marital and non-marital property and debts, and agreed to joint custody of their three minor children, (ages two and five) alternating on a week-on-week-off basis. The parties' Separation Agreement included a parenting plan for the minor children. The parties testified as to the terms of the separation agreement and parenting plan, that the terms were not unconscionable and were in the best interest of their three children. Joint Exhibit 1 was the written Separation Agreement. Joint Exhibit 2, marked as Exhibit B and submitted to the court, was a non-cohabitation/overnight guest restriction, signed by both parties that provided:

*Neither party shall cohabitate with or permit anyone, not a relative, to stay overnight at any time in which the Minor Children are in his or her physical custody, or for any periods of temporary custody/ visitation.* Furthermore, both parties agree that when either is in a relationship with another individual, both parties shall make that individual aware of the terms of this parenting plan so as to allow that individual be able to participate for the betterment of the minor children and to insure that individual does not interfere with the terms of this agreement.

In the event that either party to this Agreement brings an action for failure to perform any of the obligations imposed by this Agreement on him or her, or for enforcement or clarification of the Agreement, the prevailing party in such action shall have the right to recover his or her attorney's fees and litigation costs reasonably expended in prosecuting or defending the action.

(Emphasis added.)

The parties asked the court to incorporate the terms of Exhibit B into their Separation Agreement, and include its terms in the judgment. At the conclusion of the parties' testimony, the trial court orally pronounced judgment, granting the dissolution and incorporating Joint Exhibit 1, the written Separation Agreement, into the Judgment and Decree of Dissolution. However, the court rejected Joint Exhibit 2, the non-cohabitation/overnight guest restriction, as part of the judgment, stating:

> The reason I'm not approving or incorporating Joint Exhibit B—or Joint Exhibit 2 is that you both walk away from this as single individuals. And neither one of you—the best interest of the children should control. And I expect everyone to use the same good judgment as anybody uses. But neither of you should have that sort of control or have custody depending on that sort of control.
>
> . . . .
>
> I'm not incorporating that into this judgment *or any other judgment that I issue.* If there's ever a situation that under the law qualifies for modification, so be it. That'll be governed by general law in the best interest of the child—children. I'm not going to incorporate that as a special provision. (emphasis added).

Husband filed this appeal.[1]

## POINTS ON APPEAL

Husband raises two points. First, he contends that the trial court abused its discretion in refusing to include the parties' Joint Exhibit B into the separation agreement and judgment because the ruling is contrary to the best interest of the minor children. Second, Husband asserts that the trial judge abused his discretion in refusing to recuse himself from the case because his comments during his oral pronouncement of his ruling refusing to include Joint Exhibit B would cause a reasonable person to conclude that the court was not impartial and had not decided the case on the facts presented.

## STANDARD OF REVIEW

When reviewing an appeal of a dissolution of marriage proceeding, "[t]his court will review the judgment of the trial court under the standard of review applicable to any other court-tried case." *Reynolds v. Reynolds,* 109 S.W.3d 258, 267 (Mo.App. W.D.2003) (internal quotation marks and citation omitted). The judgment will be affirmed unless it is not sup-

---

1. Mother did not submit a respondent's brief.

ported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## ANALYSIS

### POINT I

■ Husband contends in Point I that the trial court abused its discretion in refusing to include the parties' Joint Exhibit B in the judgment because the ruling is contrary to the best interest of the minor children. Although the parties to a dissolution proceeding are authorized pursuant to Section 452.325, RSMo.2000,[2] to enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support, and visitation of their children, "[p]rovisions regarding the custody, support and visitation of minor children are not binding on the trial court, and cannot act to preclude or limit the court's authority regarding those provisions in the dissolution decree." *Distler v. Distler*, 877 S.W.2d 184, 185 (Mo.App. W.D.1994). "As a result, orders pertaining to the custody of minor children become the special obligation of the judge who must act upon evidence adduced in the case. Such evidence must be recorded in order that a meaningful review of child custody orders can be had...." *Williams v. Cole*, 590 S.W.2d 908, 911 (Mo. *banc* 1979).

■ In Exhibit B, Husband and Wife agreed to a non-cohabitation/overnight guest restriction as part of the parenting plan. At the dissolution hearing, Wife testified briefly regarding the terms of Exhibit B and requested that the court incorporate it into the Separation Agreement and approve it. However, "[a]greements between parents regarding minor children are only advisory." *Distler*, 877 S.W.2d at 185. "[S]uch agreements do not bind the court, because the court is ordered to make a determination of the child's best interest by looking at all relevant factors, including the eight enumerated factors in § 452.375." *Id.* "Agreement between, or stipulation by the parties does not relieve the court of this responsibility." *Id.*

■ The evidence adduced at the dissolution hearing was scant. The transcript was eleven pages in length. The record as it pertains to the children consists of Wife's assent that the parenting plan contained in the Separation Agreement provides for the joint legal and physical custody of the minor children, with a specific custody schedule and a specific holiday schedule, and that the plan is in the best interests of the minor children. As to Exhibit B, Wife acknowledged that it was to be incorporated into the Separation Agreement and that it has a provision in it regarding cohabitation due to the minor

---

**2.** 452.325. Separation agreements authorized, effect of—orders for disposition of property, when—terms of agreement, how enforced

1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

2. In a proceeding for dissolution of marriage or for legal separation, the *terms of the separation agreement, except terms providing for the custody*, support, and *visitation of children, are binding* upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable. (Emphasis added.)

children. Husband's testimony as to the parenting plan was limited to acknowledging that he had reviewed the parenting plan and believed that its terms would serve the best interests of his three minor children.

Pursuant to Section 452.375.2, RSMo.2000, "[t]he court shall determine custody in accordance with the best interests of the child." At the dissolution hearing, there was no evidence as to what would be in the best interests of the children. Specifically as to Exhibit B, Wife's testimony merely acknowledged the content of the exhibit. There was no testimony offered as to why Exhibit B was in the best interests of the children, such as to ensure a proper custodial environment or promote a stable environment for the children. Whether the court includes the exhibit in the Separation Agreement and in the judgment and decree of dissolution should be based on the pole-star consideration in every child custody matter—the best interests of the children. *Buschardt v. Jones*, 998 S.W.2d 791, 800 (Mo.App. W.D.1999). The court in the case at bar stated: "I'm not incorporating that [Exhibit 2] into this judgment or any other judgment that I issue." It is clear from the record that the trial court did not consider the best interests of the children in rejecting the language of the agreement. The court merely said it would reject the contents of the proposal "as part of any judgment."

In *Buschardt*, the father appealed a judgment modifying custody, visitation, and support of the minor child. *Id.* at 793. It was the court, not the parties, that ordered that both parties were prohibited from having an adult of the opposite sex, to whom they were not lawfully wed or related, spend the night with them during periods of custody or visitation. *Id.* As one issue on appeal, the father argued that

the trial court's rulings as to custody and visitation resulted from the trial court's bias against him because he was living with a woman to whom he was not lawfully married or related. *Id.* at 793–94. The trial judge stated on the record that he was restricting visitation if cohabitation occurred "because he had a policy to include such a provision in every decree when cohabitation was an issue." *Id.* at 800. As this court then noted:

> The effect of cohabitation, like any other factor, must be determined on a case-by-case basis, always with the purpose in mind of determining the best interests of the children.
>
> . . . .
>
> A judge's decision on visitation is to be an exercise of the judge's discretion after properly weighing all the relevant facts, not a decision based on a predetermined policy. By having a policy that a certain provision is to be entered in every case, the judge abused his discretion by failing to exercise it. The primary consideration for the court in a custody or visitation determination is, without question, the best interest of the children.

*Id.* Conversely, if a judge has a predetermined policy that a certain provision will never be incorporated into a custody decree, he has "abused his discretion by failing to exercise it." Although the situation in *Buschardt* is different, i.e., there the court insisted on a no cohabitation clause and here the court refused to insert such a provision in the decree, the reasoning in *Buschardt* applies here. Because the trial judge abused his discretion by arbitrarily rejecting Exhibit B without determining whether inclusion of the exhibit in the parenting plan was in the best interests of the children, the case must be reversed and remanded for the trial court to consid-

er additional evidence upon which to make this determination. Point I is sustained.

### POINT II

■ Husband next asserts that the trial judge abused his discretion in refusing to recuse himself from the case because his statements evidenced that he was not impartial and had not decided the case on the facts presented. Although Husband is raising his objections for the first time on appeal, this court will address his argument. As in *Buschardt*, "[b]ecause [Husband] bases his claim of bias on the trial judge's comments made during the oral pronouncement of the court's ruling, it is apparent that the grounds for his claim were not known to Husband until the time, so his failure to raise the issue earlier was not dilatory." *Id.* at 802. In the case at bar, the court said it had not talked to the lawyers, "and they didn't know what I would do."

In the oral pronouncement of his ruling, the trial judge specifically told the parties that he would not incorporate a non-cohabitation/overnight guest restriction "into this judgment or any other judgment that I issue." As in *Buschardt*, "his statement creates an appearance of partiality indicating a fixed prejudgment and an inclination not to fairly weigh the evidence." *Id.* at 803 (citations omitted). This court has already ordered the remand and rehearing of this matter. While the court believes the trial judge would consider the ruling of this court and enter a proper judgment on remand, the creation of the appearance that he is biased requires that the trial judge recuse himself and another judge be assigned to rehear the matter. *Id.* at 803–04. Point II is sustained.

The cause is reversed and remanded for the sole purpose of a hearing before a new judge to determine under Section 452.375.2 whether the language as proposed by the parties in joint Exhibit B should or should not be incorporated into the judgment.

All concur.